IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Robbie Sanders, | ) | Civil Docket No.: 1:06-1694-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Morris Communications Company, | ) | |
| LLC, d/b/a Creek Plantation, | ) | |
| William S. Morris, III and Steve | ) | |
| Hancock, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the court is the plaintiff's motion to remand this case to the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit, in Allendale County. The court has carefully reviewed the motion, memoranda of counsel, and the record in the case. For the reasons set forth below, the court finds that this case was improvidently removed and as such, remand is appropriate.

**I. Background Facts and Procedural History**

This action for negligence arising out of an accident which occurred in 2004[1] was filed in state court on May 17, 2006. Plaintiff alleges in the complaint that he is a citizen of the state of South Carolina; Defendant Morris Communications is a limited liability company organized under the laws of Georgia, doing business in Allendale County, South Carolina; Defendant Morris has an ownership interest in Morris Communications, LLC; and Defendant Hancock is a citizen of the state of South Carolina. The defendants aver in their notice of removal that Morris is a Georgia corporation and that

---

[1] The accident in the case at bar occurred prior to the effective date of the new South Caroilna Contribution among Joint Tortfeasors Act, S.C. Code Ann. § 15-38-15 (2005), effective July 1, 2005.

1

individual Defendants Morris and Hancock are residents of the state of Georgia. They also allege that Hancock is a sham defendant. The case was removed to this court by the defendants on June 6, 2006. The motion which is currently before the court was filed on July 3, 2006.

## II. Standard of Review

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Therefore, the defendant bears the burden in this instance. "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. *citing* Shamrock Oil & Gas Corp v. Sheets, 313 U.S. 100 (1941). "If federal jurisdiction is doubt full, a remand is necessary." Mulcahey, 29 F.3d at 151.

## III. Discussion

Defendants removed this case from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Under § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. Defendants base federal jurisdiction upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statutory provision, federal district courts have original jurisdiction over a case if there is complete diversity of parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equipment & Erection Co.v. Kroger, 437 U.S. 365, 372-74 (1978). Although the plaintiff requested an unspecified amount of damages in the *ad damnum* clause of the complaint, it appears to this court that there is no question that the plaintiff seeks an amount of damages in excess of the jurisdictional minimum. Thus, the key issue before this court is whether there is complete diversity in this case.

*A. Complete Diversity*

As aforementioned, the complaint in this case alleges that Plaintiff Sanders and Defendant Hancock are citizens of the state of South Carolina. Assuming that plaintiff and Defendant Hancock are both citizens of the state of South Carolina, it appears to this court at first blush, there is not complete diversity in this case. However, defendants contend in the notice of removal that there is complete diversity because Defendant Hancock is actually a citizen and resident of Georgia, and additionally, that Defendant Hancock is a sham defendant who has been fraudulently joined.

Defendants attach an affidavit of Hancock in which he states that, both at the time of commencement of the action, in May of 2006, and at the time of removal, in June 2006, he was (and still is) a resident of Georgia. The defendants contend that the permanent domicile of Defendant Hancock is 756 West Point Road, Martinez, Georgia. According to Hancock's affidavit, he owns a home at that address and resides there with his wife (who works in Augusta, Georgia) and his child. He alleges that he is a registered voter in Georgia; that he has a Georgia driver's license; and that he pays Georgia state income taxes. He further avers that his employer, Morris Communications, d/b/a Creek Plantation, "furnishes me lodging as it is approximately fifty-two miles from Barnwell, South Carolina to Martinez, Georgia and that, on occasions, it is more convenient for me, in connection with my responsibilities, to spend the night at Creek Plantation."

The court has reviewed the documentation provided by the defendant in detail. It appears that the defendant's Georgia commercial driver's license was issued on June 13, 2006, after the commencement of the action in state court; after service was effected upon Hancock in May of 2006; and after the case was removed to this Court. The defendant's voter registration card from Georgia also shows a registration date of June 13, 2006 and an issue date of June 20, 2006, both after this lawsuit

3

was initiated and the case was removed. Hancock also submits a copy of a warranty deed dated January 31, 2002, showing the purchase of property in Columbia County, Georgia, in the names of Brannon S. Hancock and Susan H. Hancock. Finally, Hancock attaches a Direct Deposit Authorization dated December 23, 2003 authorizing Morris Communications to deposit his paycheck into an account with Georgia Bank and Trust in Augusta.

In connection with establishing diversity jurisdiction, "a natural person's citizenship is determined by domicile. Although a person may have more than one residence, she may have only one domicile at any one time." Hanks v.Coan, 1999 WL 1938851 (M.D.N.C. 1999)(unpublished decision), citing National Artists Management Co. v. Weaving, 769 F.Supp. 1224, 1227 (S.D.N.Y. 1991). *See also* C.I.R. v. Swent, 155 F.2d 513, 515 (4th Cir. 1946) ("As 'domicile' and 'residence' are usually in the same place, they are frequently used, even in our statutes, as if they had the same meaning, but they are not identical terms, for a person may have two places of 'residence', as in the city and country, but only one 'domicile.' 'Residence' means living in a particular locality, but 'domicile' means living in that locality with intent to make it a fixed and permanent home."); Bevilaqua v. Bernstein, M.D., 642 F.Supp. 1072, 1073 (S.D.N.Y. 1986) ( "Once domicile is established in one state, it is presumed to continue in existence, even if the party leaves that state, until the adoption of a new domicile is proven.")

When a person's domicile is in dispute, courts consider the following two factors in determining a person's domicile: "(1) the party's physical presence in the state; and (2) the intent to remain in that state indefinitely." *See* National Artists Management, 769 F.Supp. at 1227; *see also* Hollowell v. Hux, 229 F.Supp. 50, 52 (E.D.N.C. 1964) (holding that a person's domicile is "an individual's place of residence where he intends to remain permanently or indefinitely and to which he intends to return

4

whenever he is away."). It is the party asserting federal court jurisdiction, which in this case is the defendant, who shoulders the burden of proving by a preponderance of the evidence that diversity exists. *See* Hanks.

In determining domicile, courts review the totality of the circumstances. Dyer v. Robinson, 853 F.Supp. 169, 172 (D. Md.1994). Relevant factors include current residence, voter registration, location of personal and real property and bank accounts, memberships, place of employment, driver's license; and payment of taxes. Id. An individual's statement regarding the issue "is not conclusive. . .and is to be accepted with considerable reserve." Webb v. Nolan, 361 F.Supp. 418, 421 (M.D.N.C. 1972), aff'd, 484 F.2d 1049, 1050 (4th Cir. 1973). South Carolina law defines "domicile" as "a person's fixed home where he has an intention of returning when he is absent. A person has only one domicile." S.C. Code Ann. § 7-1-25 (1976), as amended.

In the case at bar, the court finds that the Defendant Hancock's domicile at the time of filing of the lawsuit and at the time of removal was South Carolina. At that time, Hancock was registered to vote in South Carolina. In fact, in July of 2005, he had updated his South Carolina address with the voter registration office in South Carolina. His South Carolina driver's license was renewed on July 19, 2001, to expire July 22, 2006. Hancock also had a residential listing in the Allendale telephone directory. Although Hancock owned property and had a bank account in Georgia, the court cannot conclude that he had actually changed his domicile to Georgia at the time the case was filed and removed to this Court.

The court will next analyze whether Hancock is a sham defendant. The court notes that in order to establish that a defendant has been fraudulently joined, the removing party must establish either:

that there is no *possibility* that the plaintiff would be able to establish a cause of

5

> action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)).

The Fourth Circuit articulated the standard for judging a complaint to determine whether a resident defendant was fraudulently joined in the case of Hartley v. CSX Transportation, Inc., 187 F.3d 422 (4th Cir. 1999):

> The party alleging fraudulent joinder bears a heavy burden - it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6). See, e.g., Batoff v. State Farm Ins. Co., 977 F.2d 848 (3rd Cir. 1992) (inquiry into validity of complaint is more searching under Rule 12(b)(6) than when party claims fraudulent joinder.

Id. at 424.

First, the court will note that there has been no allegation by defendants of "outright fraud" in the plaintiff's pleading of jurisdictional facts. Thus, the court must look at whether there is "*no possibility*" that plaintiff would be able to establish a cause of action against Defendant Hancock even after resolving all issues of law and fact in plaintiff's favor.

This action is for personal injuries received in the collision of plaintiff's vehicle with a car owned by Creek Plantation, of which Hancock was general manager. Plaintiff alleges that defendants violated S.C. Code Ann. § 47-7-110 (negligence per se) and common law negligence in allowing a cow to escape its enclosure and go onto a public road.

Because the accident in which this matter arises occurred in South Carolina, South Carolina substantive tort law controls whether Defendant Sessoms is a properly joined defendant. It should be noted that Rule 20(a) of the South Carolina Rules of Civil Procedure provides:

> All persons may be joined in one action as defendant if there is asserted against them jointly, severally, or in the alternative, and right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

S.C.R.C.P. 20(a). As such, this court concurs with the plaintiff's contention that under South Carolina law, Defendant Hancock is a properly joined defendant.

Moreover, the plaintiff's complaint alleges that Defendant Hancock and other employees of Defendant Morris Communications, d/b/a Creek Plantation, breached their duty of care to plaintiff. Where an injury is the proximate result of separate and independent acts of negligence of two or more parties, the tortfeasors are subject to joint and several liability. Rouch v. Selvey, 164 S.E.2d 909, 910 (S.C. 1968). South Carolina has long held that a joint action on tort is maintainable against both a master and its servant, even though the master's liability may rely entirely upon the principle of *respondeat superior*, and in those cases, the master and the servant are jointly and severally liable to the plaintiff. See Schumpert v. Southern Ry., 65 S.C. 332, 43 S.E. 813 (1902); Cravens v. Lawrence, 186 S.E.2d 269 (1936). In that regard, the plaintiff has the right to name whom he sues and in this case has properly named Defendant Hancock as one of the people that is potentially, jointly responsible for his injuries.

The defendants concede that, at common law, an agent's liability for his tortious conduct is not affected by the fact he acted in an representative capacity. However, they contend the case is brought under S.C. Code § 47-7-110, which makes it unlawful for "the owner or manager of any domestic

animal. . .willfully or negligently to permit any such animal to run at large. . ." They assert that violation of the statute subjects only one person to the stated punishment. This argument lacks merit, as, even if the defendants' interpretation of the statute is correct, the plaintiff has also alleged a cause of action for common law negligence.

### IV.  Conclusion

For the reasons stated above, this court concludes that this action was removed improvidently and it is without jurisdiction.[2]  Therefore, the plaintiff's motion to remand is **GRANTED**.  This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for the Fourteenth Judicial Circuit, in Allendale County.  A certified copy of this Order of remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Allendale County, Fourteenth Judicial Circuit of South Carolina.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Court Judge

Florence, South Carolina  
October 31, 2006

---

[2] This Court, of course, "cannot predict with certainty how a state court and state jury would resolve the legal issues and weigh the factual evidence in this case. [Plaintiff's] claims may not succeed ultimately, but ultimate success is not required to defeat removal . . . Rather, there need be only a slight possibility of a right to relief . . . Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 425-426.